FILED
CLERK

9/12/2018 8:44 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
                                  .
The United States of America,.  Docket #CR-18-251 (DRH)(AYS)
                                  .
              Plaintiff,          .
                                  .  United States Courthouse
                 V.               .  Central Islip, New York
                                  .  August 15, 2018
William Taylor,                   .  2:56 p.m.
                                  .
              Defendant.          .
.............................
```

TRANSCRIPT OF GUILTY PLEA
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiff:            Burton T. Ryan, Jr., Esq.
                              US Attorney's Office
                              610 Federal Plaza
                              Central Islip, NY 11722

For The Defendant:            Richard S. Kestenbaum, Esq.
                              Kestenbaum & Mark, LLP
                              40 Cutter Mill Rd.-Ste. 300
                              Great Neck, NY 11021

Audio Operator:

Transcribing Firm:            Writer's Cramp, Inc.
                              63 Dakota Drive
                              Hamilton, NJ 08619
                              609-588-8043

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

2

**Index**

|                              | Direct | Cross | Redirect | Recross | Further Redirect |
|------------------------------|--------|-------|----------|---------|------------------|
| **Witnesses For The Plaintiff:** | | | | | |
| **Witnesses For The Defendant:** | | | | | |

| **EXHIBITS:** | **Marked** | **Received** |
|---------------|------------|--------------|

**SUMMATION BY:**

**THE COURT: Finding**          18

```
 1              THE CLERK:  Calling 18-CR-251, United States of

 2   America vs. William Taylor.  Please state your appearances for

 3   the record.

 4              MR. RYAN:  For the Government, Your Honor, Burton

 5   Ryan.

 6              THE COURT:  Good afternoon.

 7              MR. KESTENBAUM:  For the Defendant, Richard

 8   Kestenbaum.  Good afternoon, Your Honor.

 9              THE COURT:  Good afternoon.  So I understand we're

10   here today for -- this is Defendant's initial appearance.  His

11   agreement to waive indictment and to proceed under an

12   information and also to take a plea of guilty, right?

13              MR. KESTENBAUM:  That's correct, Your Honor.

14              THE COURT:  Okay.  First of all, I do have an order

15   of referral from Judge Hurley.  Judge Hurley is the district

16   judge in this case.  At the close of these proceedings, I'll

17   be making recommendations to him as to whether or not to

18   accept the plea.  I see Mr. Taylor, you've signed that, right?

19              MR. TAYLOR:  Yes.

20              THE COURT:  All right.  I will sign that as well and

21   then we can go on.  So Mr. Taylor, you're going to be doing a

22   lot of talking today, so make sure that you're near the mike

23   and the light is on because everything here is --

24              MR. TAYLOR:  Okay.

25              THE COURT:  Everything is recorded.  Even though you
```

 1   don't see a Court reporter, everything's --

 2            MR. TAYLOR:  Okay.

 3            THE COURT:  It's on a recording, okay?

 4            MR. TAYLOR:  Yes.

 5            THE COURT:  Okay.  So some things I say today might

 6   sound a little bit repetitive, but it's important that you pay

 7   close attention to everything that's said.  All right?

 8            MR. TAYLOR:  All right.

 9            THE COURT:  Okay.  So first of all, this is your

10   initial appearance in Court.  Have you had a chance to discuss

11   all of the proceedings today with your lawyer?

12            MR. TAYLOR:  Yes.

13            THE COURT:  Okay.  So I want to advise you first of

14   rights you have under the 5th and 6th Amendment to the

15   Constitution.  Under the 6th Amendment, you have a right to

16   counsel.  That's your lawyer.  He's here with you today.  You

17   understand that?

18            MR. TAYLOR:  Yes.

19            THE COURT:  And under the 5th Amendment you have the

20   right to not to make any statements, or to stop making

21   statements at any time.  Do you understand those rights as

22   well?

23            MR. TAYLOR:  Yes.

24            THE COURT:  Okay.  So moving on to the waiver of

25   indictment.  The Government moves to proceed in this case

```
 1    under Criminal Procedure Rule 7(b) and to move forward with
 2    this case against you by way of a document called an
 3    Information instead of an indictment.  If you agree to allow
 4    the Government to proceed in this matter, you will be giving
 5    up certain rights that I'm going to advise you about and I'll
 6    ask you whether you will understand those rights.
 7         The first thing I want to do right now is to swear you
 8    in.  So if you could just stand up, raise your right hand,
 9    have my deputy swear you in, and just answer yes.
10              WILLIAM TAYLOR, DEFENDANT, SWORN
11         THE COURT:  Okay.  You can be seated.  All right, so
12    first I want to explain to you your right to be indicted so I
13    can be sure you understand what a waiver of indictment means.
14    So when the Government prosecutes somebody for an offense
15    that's punishable by a term of imprisonment that exceeds one
16    year, they must do so by indicting that person.  In fact, you
17    have a constitutional right to be charged by indictment issued
18    by a Grand Jury.  That means unless you waive indictment, you
19    cannot be charged with a felony unless a Grand Jury finds
20    there's probable cause to believe that a crime was committed
21    and you committed it.
22         If you don't waive indictment, the Government would have
23    to present its case to a Grand Jury if it wanted to proceed.
24    If that were to happen, the case would be presented to a group
25    of your fellow citizens.  They would sit on the Grand Jury to
```

1    determine probable cause.  Upon that presentation, the Grand

2    Jury could decide may or -- to indict you or not to indict

3    you.  However, you can waive indictment and allow the

4    Government to proceed against you by way of a paper called an

5    Information.

6        If you waive indictment today, the Government can proceed

7    against you in this way.  So first of all, Mr. Taylor, let me

8    ask you, do you understand what I've just explained to you

9    about the Grand Jury process?

10            MR. TAYLOR:  Yes, I do.

11            THE COURT:  Okay.  And have you discussed waiving

12   your right to indictment by a Grand Jury with your lawyer?

13            MR. TAYLOR:  Yes, I have.

14            THE COURT:  Has anybody made any threat or promise

15   to induce you to waive indictment?

16            MR. TAYLOR:  No.

17            THE COURT:  Do you wish to waive your right to

18   indictment by a Grand Jury?

19            MR. TAYLOR:  Yes.

20            THE COURT:  Let me ask your lawyer.  Do you know of

21   any reason why your client should not waive indictment?

22            MR. KESTENBAUM:  No, Your Honor.

23            THE COURT:  Okay.  So based upon what I've heard, I

24   find the Defendant has knowingly waived his right to

25   indictment and to allow the Government to proceed by way of

1    Information.  I'll therefore recommend that the district judge

2    accept the waiver of indictment.  I do see the paper waiving

3    it.  I see it's been signed.  I will sign that as well.

4         Okay.  Turning to the guilty plea.

5    BY THE COURT:

6    Q.  Mr. Taylor, now you're going to be -- you've asked to

7    plead guilty to an Information that charges you with failure

8    to collect and pay over FICA taxes that were owed to the IRS,

9    knowing that those taxes were due and owing.  You're charged

10   in five separate counts representing five separate time

11   periods.

12          MR. KESTENBAUM:  Judge, the Defendant is going to

13   plead guilty to Count 5.

14          THE COURT:  Just Count 5?

15          MR. KESTENBAUM:  Just Count 5 is sufficient.

16          THE COURT:  Okay, that's fine.  All right.  Mr.

17   Taylor, before I came out here today, you were asked to review

18   a plea form.  Did you review that form with your lawyer?

19          MR. TAYLOR:  Yes.

20          THE COURT:  And did you sign that form?

21          MR. TAYLOR:  Yes.

22          THE COURT:  Okay.  So what I'm going to do is I'm

23   going to go through that form asking you the same questions on

24   the form, okay?

25          MR. TAYLOR:  Okay.

1           THE COURT:  All right.  I want to remind you that

2      you are still under oath, okay?  So Mr. Taylor, before

3      accepting your plea, there's questions I have to ask to ensure

4      that it is a valid plea.  If you don't understand any

5      question, just ask me to reword it and I'll be happy to do so,

6      all right?

7           MR. TAYLOR:  Okay, yes.

8                          DIRECT EXAMINATION

9      BY THE COURT:

10     Q.  Okay.  State your full name, please.

11     A.  William Henry Taylor, Jr.

12     Q.  And how old are you?

13     A.  Sixty.

14     Q.  Are you a citizen of the United States?

15     A.  Yes, I am.

16     Q.  Okay.  So we answered the questions that need not have

17     been answered, so I'm just going to cross those out.  Those

18     are for non-citizens.  Moving on.  What's the highest

19     schooling or education that you had?

20     A.  High school.

21     Q.  Are you presently or have you recently been under the care

22     of a physician or a psychiatrist?

23     A.  Yes.

24     Q.  Okay.  So explain what that care is to me.

25     A.  I see a Dr. Ghandi (phonetic) in Huntington --

1    Q.   Uh-huh.

2    A.   -- once or twice a month just to discuss things and make

3    sure everything is good.

4    Q.   What type of a doctor is he?

5    A.   He's a psychiatrist.

6    Q.   Okay.  So you're in therapy a couple times a month.

7    A.   Therapy, yes.

8    Q.   Okay.  Anything else?

9    A.   I have epilepsy, so I go see my regular doctor and I'm on

10   medication for that also.

11   Q.   Okay.  So have either of those affected your ability to

12   understand the proceedings here today?

13   A.   No.

14   Q.   Okay.  In the past 24 hours, have you taken any narcotic

15   drug, medicine, or pills, or drunk any alcohol beverage?

16   A.   Just my medication for --

17   Q.   Just the medication for epilepsy that we discussed.

18   A.   Yes.

19   Q.   Nothing else?

20   A.   And I take Abilify also.

21   Q.   Okay.  And that -- the Abilify, does that in any way

22   affect your ability to understand what's happening?

23   A.   No, it doesn't.  No.

24   Q.   Okay.  Have you ever been hospitalized or treated for

25   narcotic addiction?

1   A.  No.

2   Q.  Is your mind clear?

3   A.  Yes.

4   Q.  You understand what's going on here?

5   A.  Absolutely do.

6           THE COURT:  Okay.  Turning to your lawyer, have you

7   discussed what's going on here with your client?

8           MR. KESTENBAUM:  Yes, Your Honor.

9           THE COURT:  Do you believe that he understands the

10  rights he will be waiving by pleading guilty?

11          MR. KESTENBAUM:  Yes, Your Honor.

12          THE COURT:  Do you believe he's capable of

13  understanding the nature of these proceedings?

14          MR. KESTENBAUM:  Yes.

15          THE COURT:  Do you have any doubt at all as to your

16  client's competency to plead at this time?

17          MR. KESTENBAUM:  No, Your Honor.

18          THE COURT:  Okay.  Turning back to Mr. Taylor.

19  BY THE COURT:

20  Q.  You have a right to plead not guilty.  Do you understand

21  that?

22  A.  Yes, I do.

23  Q.  If you plead not guilty, under the Constitution and laws

24  of the United States, you're entitled to a speedy and public

25  trial by jury with the assistance of counsel on the charges.

1  Do you understand that?

2  A.  Yes.

3  Q.  At the trial, you would be presumed to be innocent and the

4  Government would have to overcome that presumption and prove

5  you guilty by competent evidence beyond a reasonable doubt and

6  you would not have to prove that you're innocent.  If the

7  Government failed, the jury would have the duty to find you

8  not guilty.  Do you understand that?

9  A.  Yes.

10  Q.  In the course of a trial, witnesses for the Government

11  would have to come to the Court.  They'd have to testify in

12  your presence and your lawyer would have the right to cross

13  examine those witnesses to object to evidence offered by the

14  Government and to offer evidence on your behalf.  Do you

15  understand that?

16  A.  Yes, I do.

17  Q.  At the trial, while you would have the right to testify,

18  if you chose to do so, you could not be required to testify.

19  Under the Constitution of the United States, you can't be

20  compelled to incriminate yourself.  If you decided not to

21  testify, the Court would instruct the jury they could not hold

22  that against you.  Do you understand that?

23  A.  Yes.

24  Q.  If you plead guilty and the district judge accepts that

25  plea, you will be giving up your constitutional rights to a

1    trial and all of the other rights I have just discussed.

2    There will be no further trial of any kind and no right to

3    appeal or collaterally attack at any time whether you are

4    guilty or not.  A judgment of guilty will be entered on the

5    basis of your guilty plea, which judgment can never be

6    challenged.  You may have the right to appeal, however, with

7    respect to your sentence.  Do you understand that?

8    A.  Yes.

9    Q.  If you plead guilty, I have to ask you questions about

10   what you did to satisfy myself that you are indeed guilty of

11   the charge to which you seek to plea, and you'll have to

12   answer any questions, and you will have to acknowledge your

13   guilt.  Best, you'll be giving up your right not to

14   incriminate yourself.  Do you understand that?

15   A.  Yes.

16   Q.  Are you willing to give up your right to a trial and the

17   other rights I have just discussed?

18   A.  Yes.

19              THE COURT:  Okay.  Turning to the Government, I know

20   that there is a plea agreement in this case.  Can you just

21   tell me the important points of that agreement?

22              MR. RYAN:  Judge, the Defendant by the agreement has

23   agreed to waive any appeal or challenge to the conviction and

24   sentence if he receives 27 months or below.  It also contains

25   a requirement of restitution for all the quarters of 2011 and

1   2012, which is restitution above and beyond the count of the

2   plea.

3           THE COURT:  Understood.  So that's the amounts --

4   all of the amounts due.

5           MR. RYAN:  That's all of those amounts.  And that's

6   included -- the procedure for the restitution is laid out in

7   Attachment B to the agreement.

8           THE COURT:  Okay.  All right.  Let me ask you to

9   list the elements of the count to which he is pleading guilty.

10          MR. RYAN:  Judge, it's knowingly and willfully

11  failed to collect, account for, and hand over payroll taxes to

12  the Internal Revenue Service.

13          THE COURT:  Okay.  Turning back to Mr. Taylor.

14  BY THE COURT:

15  Q.  Are you aware of the elements of the crime to which you

16  are charged and ask do you wish to plead guilty?

17  A.  Yes.

18  Q.  Okay.  Have you discussed that charge with your lawyer?

19  A.  Yes.

20  Q.  Do you understand the charge?

21  A.  Yes.

22  Q.  Do you understand what the maximum sentence and fine that

23  might be imposed on the charge to which you're seeking to

24  plead guilty?

25  A.  Yes.

1  Q.  Okay.  So the maximum possible penalty under Count 1 is

2  five years in jail, plus a fine of $10,000.  Do you understand

3  that?

4  A.  Yes.

5  Q.  Do you realize there's also a $100 special assessment for

6  the count?

7  A.  Yes.

8  Q.  And do you realize the Court can also order restitution?

9  A.  Yes.

10  Q.  Do you realize that if any jail time is imposed, there

11  would also be a period of three years of supervised release

12  that must be imposed?  Is that mandatory?

13         MR. RYAN:  Yes, Judge.

14  BY THE COURT:

15  Q.  Okay.  Do you understand that?

16  A.  Yes.

17  Q.  Have you discussed the sentencing guidelines with your

18  lawyer?

19  A.  Yes.

20  Q.  Okay.  Do you understand that those guidelines are not

21  mandatory but in sentencing, the Court is required to consider

22  the guideline range along with statutory factors listed in 18

23  USC 3553(a), which I'll discuss with you, and that the Court

24  will also consider the nature and circumstances of the offense

25  and your criminal history, if any, and your characteristics.

1    Do you understand that?

2    A.  Yes, I do.

3    Q.  Okay.  I'm going to read you what those statutory factors

4    are that the Court considers.  The Court must impose a

5    sentence sufficient, but not greater than necessary, to

6    reflect the seriousness of the offense, to promote respect for

7    the law, to provide just punishment for the offense, to afford

8    deterrence as to other criminal conduct, to protect the public

9    from further crimes by you, and to provide you with needed

10   educational or vocational training, medical care, or other

11   correctional treatment in the most effective manner.

12        At sentencing, the Court must also consider your

13   cooperation, if any, if the Government submits a 5(k)(1)

14   letter.  Has your lawyer explained those factors to you?

15   A.  Yes.

16   Q.  Do you realize that this sentence is more severe than what

17   you might expect, you'd still be bound by your guilty plea and

18   you won't be permitted to withdraw it?  Do you understand

19   that?

20   A.  Yes.

21   Q.  Do you have any questions at all that you want to ask me

22   about the charge, your rights, or anything else relating to

23   this matter?

24   A.  No, Your Honor.

25   Q.  Okay.  Are you ready to plead?

```
 1   A.  Yes, I am.

 2              THE COURT:  Okay.  Turning to your lawyer, do you

 3   know of any legal reason why your client should not plead

 4   guilty?

 5              MR. KESTENBAUM:  No, Your Honor.

 6              THE COURT:  Back to Mr. Taylor.

 7   BY THE COURT:

 8   Q.  Are you satisfied with your legal representation up to

 9   this point?

10   A.  Yes, I am.

11   Q.  Do you think your lawyer has done a good job for you?

12   A.  Yes.

13   Q.  What is your plea?  Guilty or not guilty?

14   A.  Guilty.

15   Q.  Are you making this plea of guilty voluntarily and of your

16   own free will?

17   A.  Yes, I am.

18   Q.  Has anybody threatened you or forced you to plead guilty?

19   A.  No.

20   Q.  Other than the agreement with the Government, that plea

21   agreement which you referred to and that you signed, has

22   anybody made any promises causing you to plead guilty?

23   A.  No.

24   Q.  Has anybody made any promise to you as to what your exact

25   sentence will be?
```

1  A.  No.

2  Q.  Okay.  So what I want you to do is to describe to me in

3  your own words what you did in connection with the acts

4  charged in Count 1 of the Information to which you're pleading

5  guilty.

6           MR. KESTENBAUM:  Count 5, Judge.

7           THE COURT:  Count 5, okay.  It's one count, but it's

8  number 5.

9           MR. KESTENBAUM:  Correct.

10  BY THE COURT:

11  Q.  All right, go ahead, sir.

12  A.  Cashed payroll checks and paid the workers cash.

13  Q.  Did you own a business?

14  A.  Yes.

15  Q.  Okay.  What was the name of that business and where was it

16  located?

17  A.  Four Seasons Roofing in Farmingdale, New York.

18  Q.  Okay.  Okay.  And just to be clear, just tell me again

19  what you did when you were the owner of that business.

20  A.  Estimated, set up jobs --

21  Q.  No, with respect to the payment of wages and the payment

22  of FICA taxes.

23  A.  I paid the workers with cash.

24  Q.  Okay.

25  A.  And didn't turn over the payroll tax.

1    Q.   Okay.  And you knew that.

2    A.   Yes.

3    Q.   Okay.

4              THE COURT:  I've asked the Government to outline

5    what proof you would have put forward at trial.

6              MR. RYAN:  Judge, the Government's evidence would be

7    the Defendant, while the owner and operator of Four Seasons

8    Roofing, diverted income checks to be received from the

9    company to Kayla Commercial Check Cashing in Farmingdale, New

10   York, cashed those checks, did not report that -- the receipt

11   of those checks to his accountant, and then used the cash

12   which was now unreported to the IRS to pay for expenses,

13   including the payroll that he used to -- of his roofers, which

14   was paid in cash and not reported to the IRS, nor any payroll

15   taxes collected or handed over.

16             THE COURT:  Okay, thank you.  All right, well based

17   upon the information given to me, I find that the Defendant is

18   acting voluntarily, that he fully understands his rights, and

19   that he understands the consequences of his plea.  I also find

20   there's a factual basis for the plea.  I'll therefore

21   recommend that the District Judge accept the plea of guilty to

22   Count 5 of the Information.

23        All right, turning to the issue of bond, let me hear from

24   the Government.

25             MR. RYAN:  Judge, we're going to adopt the

1    recommendations of Pretrial Services.  We'd ask the Defendant

2    be released under personal recognizance bond.  That he be --

3    he report to Pretrial Services as they direct, that his travel

4    be restricted to the Eastern and Southern Districts of New

5    York, pending the outcome of the case to be subject to random

6    home and/or employment visits.  His passport was surrendered

7    today to Pretrial Services.  And that he be -- Pretrial

8    Services request that he be subject to mental health

9    evaluation and treatment as they deem necessary.

10            THE COURT:  Let me ask Defense counsel, have you

11   gone over those conditions of release with your client?

12            MR. KESTENBAUM:  Yes, Your Honor.

13            THE COURT:  Okay.  Mr. Taylor, did you understand

14   the conditions of your release on bond?

15            MR. TAYLOR:  Yes.

16            THE COURT:  Okay.  So your lawyer has explained to

17   you exactly what you have to do.  You've given over your

18   passport.  I want to point out to you the travel restriction.

19   So if you have any question as to whether or not you can

20   travel someplace and you're not sure whether you're in the

21   Southern or Eastern Districts of New York, ask.

22            MR. TAYLOR:  Okay.

23            THE COURT:  Don't assume that something is okay

24   because it might not be and then you'll be in big trouble.

25            MR. TAYLOR:  I understand.

1          THE COURT:  So any question at all, you just ask

2     first.  If for any reason you need to travel somewhere else,

3     you just ask first.  And Pretrial may say, you know, that's

4     fine.  Check in with us.  But always check in with them before

5     you do anything.

6          MR. TAYLOR:  I understand, Your Honor.

7          THE COURT:  Okay.  Very good.  So I'm going to sign

8     that bond and that's a personal recognizance bond.  Defendant

9     can only travel within the -- and I'm just going to write EDNY

10    and SDNY, all right?  Surrender passports, which is already

11    done.  Supervision of Pretrial.  By supervision of Pretrial,

12    you understand that they -- Pretrial can come to your house,

13    to your place of employment.  They don't need to give you

14    notice of that.  Do you understand that?

15         MR. TAYLOR:  I understand.

16         THE COURT:  And if they think you need to have

17    mental health counseling or evaluation, then you'll have to

18    comply with that as well, okay?

19         MR. TAYLOR:  I understand.

20         THE COURT:  And I'm putting report as directed by

21    Pretrial, so if they want you to come in monthly, whatever

22    they want, okay?

23         MR. TAYLOR:  Okay.

24         THE COURT:  And the evaluation for anything at all

25    is by -- subject to Pretrial.  It doesn't mean that I'm saying

1  you have to do it.  It means if Pretrial tells you you have to

2  do it, then you have to do it.  Okay?

3          MR. TAYLOR:  I understand.

4          THE COURT:  All right.  I'm going to give the bond

5  to you and your counsel to look over, make sure you

6  understand, then you can sign it.

7      (Pause in the proceedings.)

8          THE COURT:  Okay, Mr. Taylor, do you have any

9  questions at all or any questions about the bond?

10         MR. TAYLOR:  No, Your Honor.

11         THE COURT:  Okay.  All right.  I'm going to sign

12  that.  Anybody need anything else on this one?

13         MR. RYAN:   I believe that completes the business

14  before the Court, Judge.

15         THE COURT:  Thank you.  Anything from the Defense?

16         MR. KESTENBAUM:  Nothing, Your Honor.

17         THE COURT:  Okay.  Thank you all very much.

18         MR. KESTENBAUM:  Thank you.

19      (Court adjourned)

20                          CERTIFICATION
21  I certify that the foregoing is a correct transcript from the
22  electronic sound recording of the proceedings in the above-
23  entitled matter.
24
25
26  _Lewis Parham_                          9/10/18
27
28  _____     _____
29  Signature of Transcriber               Date